Floyd G. Cottrell, Esq./009391985
**RAWLE & HENDERSON LLP**
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (976) 643-1400
Fax: (973) 643-1900
Attorneys for Defendant Shopping Center Associates
d/b/a Menlo Park Mall

| | |
|---|---|
| LINDA NGUYEN,<br><br>     Plaintiff,<br><br>  v.<br><br>MENLO PARK MALL, JOHN DOES 1-10, JOHN DOES 11-20, ABC CORPS, 1-10, fictitious names,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-3412-22<br><br>*Civil Action*<br><br>**PETITION FOR REMOVAL** |

  Removing Defendant Shopping Center Associates d/b/a Menlo Park Mall ("Defendant"), upon information and belief, states as follows:

  1. On or about July 13, 2022, Plaintiff Linda Nguyen commenced an action against the removing Defendants in the Superior Court of New Jersey, County of Middlesex, bearing Docket Number MID-L-3412-22. A copy of the Complaint is annexed hereto as **Exhibit A**.

  2. Plaintiff is a resident of the State of New Jersey. (See **Exhibit A**, Complaint).

  3. Defendant Shopping Center Associates d/b/a Menlo Park Mall is a general partnership organized and existing under the

laws of the State of New York with a principal place of business in Indianapolis, Indiana.

4. The General Partners of Shopping Center Associates are Charles Mall Co. L.P. and Simon Property Group (Illinois) L.P.

5. Charles Mall Co. L.P. is a Maryland Limited Partnership. Its partners are Simon Property Group (Delaware), Inc. a Delaware Corporation and Simon Property Group L.P., a Delaware Limited Partnership. Each has a principle place of business in Indianapolis, Indiana.

6. Simon Property Group (Illinois) L.P. is an Illinois Limited Partnership. Its partners are Charles Mall Co. L.P., a Maryland Limited Partnership and Simon Property Group, a Delaware Limited Partnership. Each has a principle place of business in Indianapolis, Indiana.

7. Defendant was served with Plaintiff's Complaint less than 30 days ago.

8. Upon information and belief, the amount in controversy is more than $75,000.00.

9. Accordingly, this Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332, and Defendants is entitled to removal of this action pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant prays that this action be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446.

        **RAWLE & HENDERSON LLP**
Attorneys for Defendant Shopping Center Associates d/b/a Menlo Park Mall

By: _____
Floyd G. Cottrell, Esq.
(973) 643-1400 x13
fcottrell@rawle.com

Dated: August 5, 2022

**WHEREFORE**, Defendant prays that this action be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446.

**RAWLE & HENDERSON LLP**
Attorneys for Defendant Shopping Center Associates d/b/a Menlo Park Mall

By: _____
Floyd G. Cottrell, Esq.
(973) 643-1400 x13
fcottrell@rawle.com

Dated: August 5, 2022

**EXHIBIT A**

Erik Frins, Esq.
Simon Law Group
40 West High St.
Somerville, NJ 08876
800-709-1131
SB# 902032012
Attorneys for the Plaintiff

| | |
|---|---|
| LINDA NGYUEN,<br><br>Plaintiff,<br><br>vs.<br><br>MENLOD PARK MALL, JOHN DOES 1-10, JOHN DOES 11-20, ABC CORPS, 1-10, fictitious names,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: MID-L-3412-22<br><br>Civil Action<br><br>**FIRST AMENDED COMPLAINT** |

1.  The Plaintiff, LINDA NGUYEN, is an adult individual residing at 1573 Grant Avenue South Plainfield, County of Middlesex, State of New Jersey by way of complaint against the Defendants says:

2. The Defendant, Menlo Park Mall, is an business with a principal address at: 55 Parsonage Road, Edison, County of Middlesex, State of New Jersey (08837).

3.  The Defendants, John Doe 1-10, is/are fictitious names of adult

-1-

individuals, who cannot be identified at the present time, who owned managed, controlled the property and/or were tasked to perform construction of and/or maintenance of a floor located at 55 Parsonage Road, Edison, Middlesex County, New Jersey. Defendants John Doe(s) 11-20 is/are a person or persons whose name(s) and/or identity is unknown and cannot be ascertained at this time.

4. The Defendants, ABC Corps. 1-10 are fictitious names of corporations, contractors or other business entities whose names cannot be ascertained at this time, they are described as entities who performed construction of and/or maintenance of the floor located in the Menlo Park Mall at 55 Parsonage Road, Edison, New Jersey.

## FIRST COUNT

5. On or about July 17, 2020, the Plaintiff, while exercising due care and caution for her safety, was a business invitee invited to the defendant's property located at 55 Parsonage Road, Edison, New Jersey. At said time, date and place while walking through the premises Plaintiff slipped and fell on a puddle of water which was on the floor. The surface of said floor was slippery.

6. The Defendant(s), as owner and/or entity in control of said property, and John Doe(s) 11-20 was/were negligent including, but not limited to the following ways:

    a. Failing to use ordinary care and diligence to design, build, keep, repair and/or maintain the said property in a condition

-2-

reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to him or his lawful use of the same by allowing a hidden condition to exist, which caused said danger;

b. Failing to exercise reasonable care to protect the Plaintiff by inspecting and taking other affirmative acts, installing/maintaining railings, installing/maintaining treading, installing/maintaining railings, installing/maintaining treading, and taking other steps to protect the Plaintiff from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the area and/or condition on their property;

c. Failing to exercise reasonable care to protect the Plaintiff, taking steps to remedy said dangerous conditions;

d. Failing to use reasonable care in the yelling at someone thereby causing them to be startled, when they knew of a hidden, dangerous condition;

e. Failing to warn, mark and/or caution Plaintiff of a dangerous hidden condition known to Defendants;

f. Failing to take any other action to prevent the condition.

As a direct and proximate result of the negligence of the Defendant, the Plaintiff, sustained serious and permanent injuries, causing permanent disability.

8. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has been forced to incur substantial medical bills and will in the future be required to expend substantial sums of money for medical treatment, all to his great financial loss.

9. As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered and will in the future suffer great mental pain and anguish.

10. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was and will in the future be prevented from engaging in his usual pursuit of occupation, all to his great financial loss.

11. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has lost wages and in the future will lose wages and will in the future suffer diminution of income, due to the restriction, pain, and limitation resulting from the aforementioned injuries, all to his great financial loss.

WHEREFORE, the Plaintiff, Linda Nguyen, demands judgment in an unliquidated amount, against the Defendants, Menlo Park Mall, John Does 1-10; John Does 11-20, and ABC Corps, 1-10, individually, jointly and/or severally together with interest, attorney's fees and costs of suit.

-4-

## SECOND COUNT

12. The Plaintiff repeats all of the allegations contained in the matters set forth above as though same were set forth at length herein.

13. Defendants, John Doe 1-10 and/or ABC Corps. 1-10, are fictitious names used to represent adult individuals, corporations, or entities, as hereinafter described.

14. At all times herein relevant, the Defendants John Does 1-10 and/or ABC Corps. 1-10, were individuals and or business entities that owned, controlled the premises, and/or were contracted to and/or otherwise tasked to perform, construction, and/or to maintain the ramp and area described hereinabove, whether as employees or independent contractors. Acts of negligence of said defendants, include, but are not limited to the following:

a. Failing to use ordinary care and diligence to design, build, construct, keep, repair, and/or maintain the said property in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to him or his lawful use of the same by allowing a dangerous condition to exist, which caused said danger;

b. Failing to exercise reasonable care to protect the Plaintiff,

-5-

from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the area on the property by inspecting and/or taking other affirmative acts, installing/maintaining railings, installing/maintaining treading, installing/maintaining railings, installing/maintaining treading,, and taking care in its design construction and/or maintenance;

c. Failing to exercise reasonable care to protect the Plaintiff, by removing the dangerous condition, and/or taking other affirmative acts, including but not limited to taking steps to remedy said dangerous conditions, to prevent injuries resulting from the dangerous and unsafe condition of the area;

d. Failing to use reasonable care in the design, construction, repair, and/or maintenance of the aforesaid area in a manner consistent with and in conformity with recognized standards of construction, design, and safety of the same;

e. Failing to warn the Plaintiff of the aforesaid dangerous and unsafe conditions existing on the said area;

g. Failing to properly mark and/or render safe the dangerous surface.

15. As a direct and proximate result of the negligence of the Defendants, John Doe 1-10 and ABC Corps., 1-10 the Plaintiff sustained serious and

permanent injuries, causing permanent disability and/or permanent disfigurement.

16. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has been forced to incur substantial medical bills and will in the future be required to expend substantial sums of money for medical treatment, all to his great financial loss.

17. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has suffered and will in the future suffer great mental pain and anguish.

18. As a direct and proximate result of the negligence of the Defendants, the Plaintiff was and will in the future be prevented from engaging in his usual pursuit of occupation, all to his great financial loss.

19. As a direct and proximate result of the negligence of the Defendants, the Plaintiff lost wages and in the future will lose wages and will in the future suffer diminution of income, due to the restriction, pain, and limitation resulting from the aforementioned injuries, all to his great financial loss.

WHEREFORE, the Plaintiff, Peter Indivero, demands judgment in an unliquidated amount, against the Defendants John Does 1-10 and ABC Corps, 1-10, individually, jointly and/or severally together with interest, attorney's fees and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to N.J. Ct. R. 4:25-4, Stephen Zullo, Esquire, is hereby designated trial counsel for the plaintiff in the within litigation.

### JURY TRIAL DEMAND

Demand is hereby made for a trial by jury on all issues herein.

### REQUEST FOR DISCOVERY OF INSURANCE INFORMATION

Pursuant to N.J. Ct. R. 4:10-2(b), the plaintiff requests discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy said judgment.

### DEMAND FOR COPIES OF PLEADINGS & DISCOVERY

Plaintiff hereby demands pursuant to Rules 1:5-1(a); 4:17-2(b)(i) and 4:17-4(c), that each party herein provide any and all pleadings and answers to interrogatories or notices to produce documents received from any party including any documents, papers and other materials referred to herein, upon the undersigned attorney. **TAKE NOTICE** this is a continuing demand.

### DEMAND FOR RESPONSES TO FORM INTERROGATORIES

-8-

Pursuant to N.J. Ct. R. 4:17(b)(1) & (2), the plaintiff hereby demands that the defendants provide responses to Form (C) and (C)(2) Uniform Interrogatories as contained in Appendix II of the New Jersey Rules of Court, within sixty days (60) or as otherwise prescribed by the Rules of Court. **TAKE NOTICE** this is a continuing demand.

## CERTIFICATION 4:5-1

I hereby certify that there are no other actions or arbitration proceedings pending or contemplated to be commenced, which relate to the subject matter of this litigation, and that no other parties should be joined.

I hereby further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## CERTIFICATION 1:38-7

I hereby certify that all personal identifiers have been redacted from the within documents. I further certify that all such identifiers will be redacted from future documents submitted. I hereby further certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

                                                  Simon Law Group
                                                  Attorneys for Plaintiff

Dated: July 12, 2022                 /s/Erik Frins_____
                                                  Erik Frins, Esq.

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-003412-22

Case Caption: NGUYEN LINDA VS MENLO PARK MALL
Case Initiation Date: 07/12/2022
Attorney Name: ERIK FRINS
Firm Name: SIMON LAW GROUP
Address: 40 W HIGH ST
SOMERVILLE NJ 08876
Phone: 8007091131
Name of Party: PLAINTIFF : Nguyen, Linda
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: PERSONAL INJURY
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO
Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: Linda Nguyen? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
   If yes, for what language:

Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/12/2022
Dated

/s/ ERIK FRINS
Signed